

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254
(eff. 12/1/04)

| John E. du Pont | | PETITIONER |
|---|---|---|
| (Full Name) | (Include name under which you were convicted) | |

Case No. **06 -0147**

(Supplied by the Court)

Paul Stowitzky, Superintendent of SRCF Mercer _____ RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)
and
THE DISTRICT ATTORNEY OF THE COUNTY OF  Delaware, Pennsylvania
and
THE ATTORNEY GENERAL OF THE STATE OF  Pennsylvania

ADDITIONAL RESPONDENT

| John E. du Pont | DG 1158 |
|---|---|
| Name | Prison Number |

SRCF Mercer, 801 Butler Pike, Mercer, PA  16137

Place of Confinement

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

1. You must include all potential claims and supporting facts for which you might desire to seek review because a second or successive habeas corpus petition cannot be filed except under very specific and rare circumstances requiring certification by the Third Circuit Court of Appeals as set forth in instruction # 13.

2. Your habeas corpus petition must be filed within the 1-year statute of limitations time limit set forth in 28 U.S.C. §2244(d)(1). (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, see Federal Rules of

1

Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, see United States v. Thomas, 221 F. 3d 430 (3d Cir.2000.)

3. Any false statement of a material fact in your petition, in a motion for leave to proceed in forma pauperis, or in any other motion you file in this case may serve as the basis for prosecution and conviction for perjury.

4. This petition must be typewritten, printed, or legibly handwritten and signed by you as the petitioner or by your representative on Page 11. You should answer all questions concisely in the proper space of the petition. If you need more room to answer any question, you may write on the reverse blank sides of the petition.

5. You may not attach additional pages to the petition. You do not have to list or cite the cases or law that you are relying on. If you do want to cite the cases and law you are relying on and make legal arguments, you should do so in a separate concise brief or memorandum which should be filed along with the petition.

6. When you file your petition, you must include a filing fee of $5.00. If you cannot pay the full filing fee, you must request permission to proceed in forma pauperis as explained in instruction # 8.

7. Your petition will be filed if you have followed these instructions and it is in proper order.

8. To request permission to proceed in forma pauperis without paying the full filing fee, you must completely fill out pages 12 through 18 of the petition. You should answer all questions and sign where indicated on Pages 12 and 18. You should see to it that an authorized prison official completes the certification on Page 19. You must prove that you cannot pay the full filing fee and other costs because of poverty and a discharge in bankruptcy will not excuse you from this requirement. The Court will let you know if you may proceed in forma pauperis.

9. Only final judgments entered by one state court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

10. As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition. 28 U.S.C. § 2254(b)(2) provides that if it is perfectly clear that no colorable claims are presented, the federal court can also deny your petition on the merits.

11. As required by 28 U.S.C. § 2254(e)(1), a federal court, when considering your habeas corpus petition, must deem as correct a determination of fact made by a state court unless you rebut the presumption of correctness by clear and convincing evidence. Under 28 U.S.C. § 2254(e)(2), if

you have failed to develop the factual basis of a claim in state court proceedings, a federal court cannot hold an evidentiary hearing on that claim unless you show that:

(i) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable,
or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.
You must also show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.

12. As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that *was* presented in a prior habeas corpus petition.

13. As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that *was not* presented in a prior habeas corpus petition unless you show:

(A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable;
or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.
Before such a second or successive petition may be filed in the district court, however, the petitioner must move the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

14. 28 U.S.C. § 2254(i) provides that ineffectiveness of counsel during post-conviction, habeas corpus and P.C.R.A. proceedings in state or federal court may not be grounds for relief in your petition.

15. When the petition is fully completed, the **original and four copies** must be mailed to the **Clerk of the United States District Court, Room 2609, 601 Market Street, Philadelphia, PA 19106.** You must return all pages, including these instructions.

## PETITION

1. (a)   Name and location of court which entered the judgment of conviction under attack: _____

Court of Common Pleas, Delaware County, Pennsylvania

   (b)   Name of Prosecutor: Joseph E. McGettigan; Dennis C. Andrews

   (c)   Prosecution conducted by District Attorney's Office of Delaware County

2. (a)   Date of Judgment of conviction: February 25, 1997

   (b)   Indictment number or numbers: Cr. No. 26-96

   Term: _____ -- _____ Criminal Case Number: 26-96

3. Length of sentence: 13-30 Years _____ Sentencing Judge: The Hon. Patricia H. Jenkins

4. Nature of offense or offenses for which you were convicted: _____

Third Degree Murder

Simple Assault

5. What was your plea?  (Check one)
   (a) Not guilty (X)   (b)  Guilty ( )   (c)  Nolo contendere ( )

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

_____

_____

6. **If you pleaded not guilty,** what kind of trial?: (Check one)   (a) Jury (X)   (b) Judge only ( )

7. Did you testify at the trial?   Yes ( )   No (X)

8. Did you appeal from the judgment of conviction?   Yes (X)   No ( )

9. If you did appeal, answer the following:

(a) Name of court: Superior Court of Pennsylvania

(b) Result: Affirmed

(c) Date of result and citation, if known: April 26, 1999, 730 A.2d 970

(d) Grounds raised: See Exhibit 1

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:
    (1) Name of court: Supreme Court of Pennsylvania

    (2) Result: Petition for Allowance of Appeal Denied

    (3) Date of result and citation, if known: January 13, 2000

    (4) Grounds raised: Same as in Superior Court

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

    (1) Name of court: Supreme Court of United States

    (2) Result: Certiorari Denied

    (3) Date of result and citation, if known: June 12, 2000

    (4) Grounds raised: See Exhibit 2

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?   Yes (x)  No ( )

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of Court: Court of Common Pleas, Delaware County, PA

        (2) Nature of proceeding: PCRA

(3) Grounds raised:   See Exhibit 3

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )  No (X)

(5) Result:   PCRA Petition Denied

(6) Date of result:   September 22, 2003

(7) Did you appeal the result to a higher court?   Yes (X)  No ( )

Court Name(s)   Superior Court of Pennsylvania

Result(s)   Affirmed

Result Date(s)   September 17, 2004; 860 A.2d 525

(b) As to any second petition, application or motion give the same information:

(1) Name of Court: _____

(2) Nature of proceeding: _____

(3) Grounds raised: _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )  No ( )

(5) Result: _____

(6)  Date of result:_____

(7)  Did you appeal the result to a higher court?       Yes ( )  No ( )

Court Name(s)_____

Result(s)_____

Result Date(s)_____

(c) As to any <u>third petition</u>, application or motion give the same information:

(1) Name of Court: _____

(2) Nature of proceeding:_____

_____

(3)  Grounds raised: _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )  No ( )

(5)  Result:_____

_____

_____

(6)  Date of result:_____

(7)  Did you appeal the result to a higher court?       Yes ( )  No ( )

Court Name(s)_____

Result(s)_____

Result Date(s)_____

(d) If you did **not** appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Give specific facts supporting each ground.

*CAUTION*: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one:   See Exhibit 4, which states all claims presented, and also accompanying memorandum of law, which is incorporated herein by reference.

Supporting FACTS (state *briefly* without citing cases or law):

See accompanying memorandum of law incorporated herein by reference, which states supporting facts for all grounds.

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?      Yes ( )   No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: Richard A. Sprague, 135 S. 19th St., The Wellington Bldg., Philadelphia, PA 19103

William H. Lamb, Lamb McErlane, P.C., 24 E. Market St., West Chester, PA 19380
Taras M. Wochok, Taras M. Wochok & Associates, Ltd., 13 Paoli Court, Paoli, PA 19301

(b) At arraignment and plea: Same

_____

(c) At trial: Thomas A. Bergstrom, 138 Davis Road, Malvern, PA 19355
Taras M. Wochok (see addresss above)
Joseph T. LaBrum, Jr., 314 Hampton Riddle Village, Media, PA 19063

(d) At sentencing: Same

_____

(e) On appeal: Amy Adelson, Victoria B. Eiger & Nathan Z. Dershowitz, Dershowitz, Eiger & Adelson, P.C., 220 Fifth Avenue, Suite 300, New York, NY 10001
Alan M. Dershowitz, Harvard Law School, 1575 Massachusetts Ave., Cambridge, MA 02138 / Norris E. Gelman, The Public Ledger Bldg., 620 Chestnut St., Ste. 940, Philadelphia, PA 19106 / Vincent J. Grogan, Grogan Graffam, P.C., Four (see reverse)

(f) In any post-conviction proceeding: Michael J. Malloy
Law Office of Michael J. Malloy
10 Veterans Square
Media, PA 19063

10

Gateway Center, 12th Floor, Pittsburgh, PA  15222 / A. Charles Peruto,
Washington West Building, 235 South Eighth Street, Philadelphia, PA
19106

(g) On appeal from any adverse ruling in a post-conviction proceeding : _____

    Michael J. Malloy (see addresss above) _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes (x)  No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?    Yes ( )  No (X)

    (a) If so, give name and location of court which imposed sentence to be served in the future:

_____

_____

    (b) And give date and length of sentence to be served in the future: _____

_____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?    Yes ( )  No ( )

_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _January 9, 2006_
        Date

                        Petitioner's Signature or
Signature of Petitioner's Representative
Mr. John E. du Pont

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

_____
**Signature of Attorney**

11

**EXHIBIT 1**

I.     The trial court erred in permitting the Commonwealth's psychiatric expert to testify in violation of both the psychiatrist-client and attorney-client privileges, where the witness previously was consulted about du Pont's mental condition;

II.    Pennsylvania's statutory framework for not guilty by reason of insanity and guilty but mentally ill determinations was not followed in this case; those laws – as they were applied – violate the due process, equal protection, and cruel and unusual punishment provisions of the constitution;

III.   The trial court erred in allowing the Commonwealth to admit evidence of du Pont's alleged prior bad acts;

IV.    du Pont is entitled to a new trial because hearsay was admitted in violation of the expert testimony rule and du Pont's constitutional right of confrontation;

V.     The court below erred in permitting the prosecutor to argue that the jury could draw an inference against the defendant because the defense had presented only portions of a videotaped interview and in instructing the jury that such an inference would be proper;

VI.    du Pont was prejudiced by the use of a misleading verdict sheet containing written jury instructions;

VII.   The sentence should be vacated as unreasonable and because the bill of costs is excessive.

**EXHIBIT 2**

1.    Whether Pennsylvania's statutory scheme, which uses overlapping tests for mutually exclusive verdicts – not guilty by reason of insanity and guilty but mentally ill – denied the petitioner due process of law, equal protection of the law, and subjected him to cruel and unusual punishment.

2.    Whether Pennsylvania's abrogation of the no-propensity evidence rule in cases where the defendant presents an insanity defense violates due process.

3.    Whether permitting a psychiatrist/lawyer who had been consulted by the defendant's attorney and who had secured confidential information from him to strategize and testify for the prosecution violated the attorney-client privilege and infringed upon the defendant's sixth amendment right to counsel.

4.    Whether the confrontation clause permits the introduction of out-of-court statements by an available percipient witness, through an expert witness, on the ground that it is the type of information upon which experts reasonably rely, though it falls within no firmly rooted hearsay exception and contains no particularized guarantees of trustworthiness.

5.    Whether due process is violated when a prosecutor argues that an inference against the defendant can be drawn from evidence not presented by the defense but available both sides, and the court instructs the jury that that inference is permissible.

**EXHIBIT 3**

## FIRST CLAIM FOR RELIEF

The Commonwealth failed to disclose Brady material to the defense concerning the repeated denials of Robert Calabrese, made to the prosecutors and their experts, that Calabrese personally witnessed Petitioner ingest cocaine. This testimony was elicited because the prosecutors put significant and improper pressure on Calabrese to state that he had witnessed Petitioner's cocaine use and Calabrese, yielding to improper prosecutorial pressure, gave false testimony at trial. Calabrese has now recanted that trial testimony. This constitutes newly discovered evidence.

## SECOND CLAIM FOR RELIEF

Trial counsel were ineffective for failing to fully investigate evidence known to them that Petitioner, at the time of the shooting was under the influence of a dangerous medication which had been prescribed to him by doctors from Bulgaria. The side effects of the medication, in combination with other factors, caused Petitioner to behave in such a manner as to be misdiagnosed as paranoid schizophrenia and further caused the Petitioner to be denied the defense and related charge to the jury of involuntary intoxication. Appellate counsel were ineffective in failing to conduct a thorough review of the case which would have uncovered the fact that trial counsel had been ineffective in not discovering Petitioner's use of the Bulgarian medication and, further, in failing to raise this ineffectiveness on direct appeal.

## THIRD CLAIM FOR RELIEF

Petitioner's trial counsel were ineffective regarding Petitioner's rights under the Fifth Amendment of the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution when trial counsel failed to object and/or request a jury instruction regarding the prosecution's introduction of evidence of Petitioner's pre-arrest assertions of his right to speak to his attorney and to remain silent. Appellate counsel were ineffective in failing to properly preserve issues regarding Petitioner's Constitutional right to remain silent and to further raise trial counsel's ineffectiveness in regard to the failing to object to and/or request the jury instruction relating to those rights and the jury's determination of guilt and malice.

## FOURTH CLAIM FOR RELIEF

Appellate counsel were ineffective for failure to preserve trial counsel's motion, both oral and written, seeking a mistrial based on improper conduct of the prosecutor, said conduct being misrepresentations to trial counsel and to the court as to the presentation of witnesses in the trial that would testify to Petitioner's cocaine use.

## FIFTH CLAIM FOR RELIEF

Prior counsel were ineffective in failing to present character evidence and appellate counsel were ineffective in failing to raise trial counsels' ineffectiveness in this regard on direct appeal.

## SIXTH CLAIM FOR RELIEF

Trial counsel were ineffective in failing to properly investigate the case prior to trial. An adequate investigation would have developed grounds to support a verdict of manslaughter, which although submitted to the jury in the court's instructions was never sought by lead trial counsel or referenced in any fashion during closing argument. Appellate counsel were ineffective in failing to raise trial counsels' ineffectiveness in this regard on direct appeal.

## SEVENTH CLAIM FOR RELIEF

Trial counsel were ineffective in failing to ask for an evidentiary hearing regarding the engagement of John S. O'Brien, M.D., J.D., as a prosecution witness and the confidential information he improperly disclosed to the prosecution, in failing to investigate O'Brien's relationship with the District Attorney's office; and failing to investigate and obtain copies of Dr. Park Dietz's and Dr. O'Brien's consultation notes. Appellate counsel were ineffective in failing to raise trial counsels' ineffectiveness in this regard on direct appeal.

## EIGHTH CLAIM FOR RELIEF

The trial was tainted by prosecutorial misconduct.

## NINTH CLAIM FOR RELIEF

Newly discovered evidence demonstrates that Petitioner's original sentence was premised on an assumption that has proved to be erroneous entitling Petitioner to a re-sentencing.

**EXHIBIT 4**

## STATEMENT OF CLAIMS

A.  As Applied in This Case, Pennsylvania's Statutory Framework for Determining Whether a Defendant is "Not Guilty By Reason of Insanity" or "Guilty But Mentally Ill" Violated du Pont's Right to Due Process of Law

B.  Counsel Were Ineffective in Failing to Present Good Character Evidence

C.  du Pont's Rights to Due Process of Law and Confrontation of Witnesses Were Violated by the Presentation of False Evidence of Cocaine Use, the Suppression of Exculpatory Evidence, and the Use of Hearsay Evidence

D.  Trial Counsel for du Pont Provided Ineffective Assistance in Not Objecting to the Failure of the Trial Court to Provide a Limiting Instruction with Respect to Evidence of du Pont's Pre-arrest Silence and Request for Counsel

E.  Defense Counsel Were Ineffective for Not Properly Investigating du Pont's Use of a Dangerous Prescription Drug as the Cause of His Mental Disease and as Rebuttal to the Commonwealth's Argument that Cocaine was the Drug that Caused du Pont's Mental Illness

F.  The State Courts Violated du Pont's Right to Counsel by Permitting the Psychiatrist/Lawyer Dr. O'Brien to Testify as an Expert Witness. Further, Trial Counsel Were Ineffective in Failing to Request an Evidentiary Hearing on This Issue at Trial

G.  du Pont's Due Process Right to a Fair Trial Was Violated When the Prosecutor Was Permitted to Argue That the Jury Could Draw an Inference Against du Pont from Evidence That Was Available to Both Parties

H.  Trial Counsel Provided Ineffective Assistance in Failing to Adequately Cross-Examine and Confront a Principal Commonwealth Witness

I.  du Pont Was Prejudiced by These Constitutional Violations, Individually and When Considered Cumulatively